UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-122-FDW

| | |
|---|---|
| ERIC WAYNE MOSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| BUDDY HARWOOD, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's Request for Appointment of Counsel, (Doc. No. 4), and "Motion to Addmin State of Claim on Previose Action," (Doc. No. 9), that has been docketed as a Motion to Amend. He is proceeding *in forma pauperis*. (Doc. No. 8).

In his Request for Appointment of Counsel, Plaintiff alleges that he is on lockdown without access to the law library/kiosk, he has no access to medical or mental health grievances, he lacks the ability to adequately investigate, prepare, or present his case, and jail officers are preventing other inmates from assisting him.

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Notwithstanding Plaintiff's contentions to the contrary, this case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's motion to appoint counsel will be denied.

*Pro se* Plaintiff, who is an inmate at the Madison County Jail, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1). In his "Motion to Addmin State of Claim on Previose

1

Action." (Doc. No. 9), Plaintiff seeks to add defendants and claims.

In order to amend his Complaint, Plaintiff may not simply add allegations or parties to his existing Complaint. He will not be permitted to amend his Complaint in piecemeal fashion. Rather, he must submit a proposed Amended Complaint within 21 days of this Order that contains all claims he intends to bring in this action against all Defendants he intends to sue. Plaintiff is reminded that, despite his *pro se* status, he must comply with all applicable procedures and rules including the Federal Rules of Civil Procedure and the Court's Local Rules. His attention is particularly drawn to Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires a "short and plain" statement of the claim. Any Amended Complaint will supersede the original Complaint and therefore any Defendants or claims not contained in the Amended Complaint will be waived. Plaintiff's failure to timely file an Amended Complaint that complies with this Order will result in the Court proceeding on the Complaint as originally filed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Request for Appointment of Counsel, (Doc. No. 4), is **DENIED**.
2. Plaintiff's "Motion to Addmin State of Claim on Previose Action," (Doc. No. 9), is construed as a Motion to Amend, and is **GRANTED** insofar as he shall have **21 days** in which to file an Amended Complaint in accordance with this order and all applicable rules and procedures. If Plaintiff fails to file an Amend Complaint in accordance with this Order, the Court will proceed on the Complaint, (Doc. No. 1), as originally filed.
3. The Clerk is directed to mail a copy of a new Section 1983 complaint form to Plaintiff.

Signed: July 8, 2018

Frank D. Whitney
Chief United States District Judge