**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:18-cv-122-FDW**

| | | |
|---|---|---|
| **ERIC WAYNE MOSS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **BUDDY HARWOOD, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of *pro se* Plaintiff's Complaint, (Doc. No. 1).[1] Plaintiff has also filed a "Motion to Admin," (Doc. No. 11), and Motion to Reconsider Appointment of Counsel, (Doc. No. 12). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 8).

## I.    BACKGROUND

*Pro se* Plaintiff has filed a civil rights suit pursuant to 42 U.S.C. § 1983 for incidents that allegedly occurred at the Madison County Detention Center.[2] He names as Defendants Madison County Sheriff Buddy Harwood, Sergeant Francy Dention, and Captain Tom Banks.

Construing the Complaint liberally and accepting the allegations as true, Defendant Dention put Plaintiff in on 30-day disciplinary confinement for a weapon found in Plaintiff's cell, which houses two people, on April 1, 2018. On April 3, 2018, Defendant Harwood placed Plaintiff on indefinite lockdown. On April 15, 2018, Plaintiff asked Defendant Banks for a disciplinary hearing and he stated "I'll pray for you." (Doc. No. 1 at 3). The Defendants went against their

---

[1] Plaintiff was granted the opportunity to file an Amended Complaint but he failed to do so. See (Doc. No. 10).

[2] Plaintiff's current address of record is at the Piedmont Correctional Institution.

disciplinary procedures by placing Plaintiff in indefinite confinement without a proper hearing.

While on disciplinary confinement, Plaintiff was not provided with adequate medical treatment for a thyroid condition, ADHD, and PTSD. He appears to allege that medication is needed to control his medical and mental disorders. He further claims that he was denied personal hygiene products and writing materials to correspond with family. Plaintiff asked Defendants Banks and Harwood for access to the kiosk to request medical treatment and grievance procedures but he was told "absolutely not your [sic] on lockdown." (Doc. No. 1 at 4). Plaintiff claims that he finally received thyroid medication on April 18, 2018, after writing to Defendant Banks, but that he still has no treatment for ADHD and PTSD. As of the date the Complaint was filed on April 25, 2018, Plaintiff was still on lockdown, officers refuse to bring him grievance forms, and he is not allowed on the kiosk to submit grievances and medical requests. He seeks injunctive relief and compensatory damages.

## II.     STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him

to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1)   Due Process**

The Fourteenth Amendment's Due Process Clause provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend XIV. The first inquiry in any due process challenge is whether the plaintiff has been deprived of a protected interest in property or liberty that was accomplished by state action. Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 628 (4th Cir. 2002); Stone v. Univ. of Md. Med. Sys. Corp., 855

F.2d 167, 172 (4th Cir. 1988). "Unless there has been a 'deprivation' by 'state action,' the question

of what process is required and whether any provided could be adequate in the particular factual

context is irrelevant, for the constitutional right to 'due process' is simply not implicated." Stone,

855 F.2d at 172.

### (A) Disciplinary Proceedings

Prisoners retain rights under the Due Process Clause, but prison disciplinary proceedings

are not part of a criminal prosecution and the full array of rights due a defendant in such

proceedings does not apply. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citing Morrissey

v. Brewer, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces

the possible loss of diminution credits or solitary confinement, he is entitled to certain due process

protections. These include: (1) advance written notice of the charges against him; (2) a written

statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing

where he is afforded the right to call witnesses and present evidence when doing so is not

inconsistent with institutional safety and correctional concerns, and a written decision; (4) the

opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary

hearing involves complex issues; and (5) an impartial decision-maker. See Wolff, 418 U.S. at

564-71. There is no constitutional right to confront and cross-examine witnesses or to retain and

be appointed counsel. See Baxter v. Palmigiano, 425 U.S. 308, 322 (1976); Brown v. Braxton,

373 F.3d 501, 505-06 (4th Cir. 2004). As long as the hearing officer's decision contains a written

statement of the evidence relied upon, due process is satisfied. See Baxter, 425 U.S. at 323 n.5.

Moreover, substantive due process is satisfied if the disciplinary hearing decision was based upon

"some evidence." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985). Federal

courts do not review the correctness of a disciplinary hearing officer's findings of fact. See Kelly

v. Cooper, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious. See Hill, 472 U.S. at 456; see also Baker v. Lyles, 904 F.2d 925, 933 (4th Cir. 1990). As long as there is some evidence in the record to support a disciplinary committee's factual findings, a federal court will not review their accuracy.

Plaintiff appears to allege that he was placed in indefinite disciplinary confinement without any disciplinary hearing. Plaintiff has adequately alleged that he was deprived due process and this claim will be permitted to proceed against all three Defendants.

**(B) Grievances**

"[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). A prisoner's "access to and participation in the prison's grievance process are not constitutionally protected…." Taylor v. Lang, 483 Fed. Appx. 855, 857 (4th Cir. 2012).

Plaintiff has no due process right to engage in the jail's grievance procedure and therefore his claim that he was deprived the opportunity to engage in that procedure fails to state a § 1983 claim. This claim will accordingly be dismissed.

**(2)    Deliberate Indifference**

The Eighth Amendment prohibits punishments that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir.1996). The Constitution "does not mandate comfortable prisons, … but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Rhodes v.

Chapman, 452 U.S. 337, 349 (1981)). Thus, prison official must provide sentenced prisoners with adequate food, clothing, shelter, and medical care, and "take reasonable measures to guarantee the[ir] safety…." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984); see Farmer, 511 U.S. at 832-34. Inmates' claims that prison officials disregarded specific known risks to their health or safety are analyzed under the deliberate indifference standard of the Eighth Amendment. See Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987).

Because Plaintiff was an arrestee or pre-trial detainee at the relevant times, his deliberate indifference claim is properly brought under the Fourteenth Amendment, rather than the Eighth Amendment, but the analysis is the same. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983); see also Martin v. Gentile, 849 F.2d 863 (4th Cir. 1988) (applying the Fourteenth Amendment to an arrestee's deliberate indifference claim); but see Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473, 2475 (2015) (holding that the test for excessive force claims brought by pretrial detainees under the Fourteenth Amendment differs from the test for excessive force claims brought by convicted prisoners under the Eighth Amendment); see Lanier v. Henderson Cnty. Det. Ctr., 2016 WL 7007537 at *2, n. 3 (W.D.N.C. Nov. 29, 2016) (noting that the Supreme Court in Kingsley did not explicitly extend the objective reasonableness standard outside the excessive force context); see, e.g., Duff v. Potter, 665 Fed. Appx. 242, 244-45 (4th Cir. 2016) (applying the Kingsley standard to a detainee's excessive force claim but not his medical need claim).

**(A) Conditions of Confinement**

To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99 (1991). A

sufficiently serious deprivation occurs when "a prison official's act or omission ... result[s] in the denial of the minimal civilized measure of life's necessities.'" Id. at 298 (citing Rhodes, 452 U.S. at 347).

Plaintiff alleges that he is being deprived of "personal hygiene and writing material to contact [his] loved ones." (Doc. No. 1 at 4). These alleged deprivations are too vague and inadequately serious to raise a constitutional violation. Therefore, Plaintiff's general claim with regards to his conditions of confinement is inadequate to proceed and will be dismissed.

**(B) Serious Medical Need**

As applied to prisoners, this constitutional guarantee encompasses a right to medical care for serious medical needs, including psychological needs. See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). To state a *prima facie* case of deliberate indifference to a serious medical need, a plaintiff must show that he had serious medical needs and that the defendant acted with deliberate indifference to those needs. Heyer v. United States Bureau of Prisons, 849 F.3d 202, 210 (4th Cir. 2017) (citing Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (internal quotation marks omitted). To constitute deliberate indifferent to a serious medical need, "the treatment [a prisoner receives] must be so grossly incompetent, inadequate, or excessive to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), *overruled on other grounds by* Farmer, 511 U.S. at 825. However, mere negligence or malpractice does not violate the Eighth Amendment. Miltier, 896 F.2d at 852.

Plaintiff alleges that he was deprived of medial treatment for his thyroid condition, ADHD, and PTSD while on disciplinary confinement, that he finally received thyroid medication after

writing to Defendant Banks, and that his PTSD and ADHD are still untreated. He further claims that he is being denied to the kiosk to request medical care.

Assuming that thyroid disorder, ADHD, and PTSD are serious medical conditions,[3] Plaintiff has adequately alleged that Defendants knew he was attempting to request the continuation of treatment for his conditions and that they denied him the ability to do so because he was on disciplinary confinement. Plaintiff's claim for deliberate indifference to a serious medical need is not clearly frivolous and will be permitted to proceed against all three Defendants.

## IV.    PENDING MOTIONS

In his "Motion to Admin," Plaintiff appears to ask the Court to enter three unsworn witness statements into evidence in support of his Complaint. Plaintiff's Motion will be denied without prejudice. Plaintiff may wish to file sworn witness statements in support of a dispositive motion, or in opposition to any dispositive motion that the Defendants may file in future. Plaintiff will be instructed on filing a response and supporting documents to any dispositive motion filed by Defendants, should that come to pass. This Motion will be denied without prejudice at this time.

In his Motion to Reconsider, Plaintiff asks the Court to reconsider its denial of his Motion for the Appointment of Counsel. He argues that he has an eighth grade education, lacks access to the proper knowledge and resources, is indigent, and that his efforts to obtain counsel have been fruitless. As Plaintiff was previously informed, there is no absolute right to the appointment of counsel in civil actions and such a motion will be denied in the absence of exceptional circumstances. See (Doc. No. 10 at 1). Plaintiff has filed to demonstrate the existence of exceptional circumstances and his Motion seeking reconsideration of the Order denying the

---

[3] See Saylor v. Nebraska, 812 F.3d 637 (8th Cir. 2016) (parties did not contest that PTSD is a serious medical need); Zoukis v. Wilson, 2015 WL 4064682 (E.D.Va. July 2, 2015) (assuming without deciding that ADHD is a serious medical need).

appointment of counsel will be denied.

## V. CONCLUSION

For the reasons stated herein, the Plaintiff's claims that he was deprived of due process with regards to disciplinary proceedings, and of deliberate indifference to a serious medical need will be permitted to proceed against Defendants Harwood, Dention, and Banks. The remaining claims are dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's pending Motions are denied.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's § 1983 claims against Defendants **Harwood, Dention,** and **Banks** for deliberate indifference to a serious medical need and for the deprivation of due process with regards to a disciplinary hearing survive initial review under 28 U.S.C. § 1915.

2. The remaining claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. Plaintiff's "Motion to Admin," (Doc. No. 11), is **DENIED** without prejudice.

4. Plaintiff's Motion to Reconsider Appointment of Counsel, (Doc. No. 12), is **DENIED.**

5. **IT IS FURTHER ORDERED THAT** the Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and return for service of process on Defendants **Harwood, Dention**, and **Banks**. Once the Court receives the summons forms, the Clerk shall then direct the U.S. Marshal to effectuate service on Defendants. The Clerk is respectfully instructed to note on the docket when the forms have been mailed to Plaintiff.

Signed: September 25, 2018

Frank D. Whitney
Chief United States District Judge