UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-122-FDW

| ERIC WAYNE MOSS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| BUDDY HARWOOD, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** comes before the Court on Plaintiff's "Request[] [for] Permission to Extend Limitation on Requests Via Discovery Proceedings," (Doc. No. 28), and Motion for Extension of Time to Complete Discovery and File Dispositive Motions,, (Doc. No. 32).

The court has "wide latitude in controlling discovery and … [t]he latitude given the district courts extends as well to the manner in which it orders the course and scope of discovery." Ardrey v. United Parcel Service, 798 F.3d 679, 682 (4th Cir. 1986). A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" means that "scheduling deadlines cannot be met despite a party's diligent efforts." Dilmar Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997) (citations omitted).

Plaintiff seeks additional interrogatories and requests for production of documents because he has exceeded the Court's limit. (Doc. No. 28). Defendants oppose Plaintiff's request, arguing that the Motion should be denied because Plaintiff failed to confer with Plaintiffs in violation of Local Rule 7.1(b), because the Motion is moot insofar as there is no limit on requests for production of documents, and a limit of 20 interrogatories is sufficient for this case claiming the

1

denial of medical care and due process violations. (Doc. No. 29). Plaintiff argues in his Reply, (Doc. No. 31), that Plaintiffs objected to seven out of his first 19 interrogatories, including the names of two female officers, and provided the names in response to Plaintiff's second set of interrogatories. He also alleges that he is "cautious" about requesting documents because Defendants have a history of "forwarding fraudulent documentation to him…." (Doc. No. 31 at 3-4). He asks for 10 to 15 additional interrogatories and answers to his second set of interrogatories that were unanswered, *i.e.*, the housing unit and cell where Plaintiff and Wesley Rice were occupying when the alleged weapon was found and the names of the officers whose initials are shown on the medication dispensing logs of August 2018 which, he states, would identify witnesses for depositions.

Plaintiff's Motion to expand the number of documents he can request is moot because there is no such limit, his interrogatory with regards to identifying the female officers also appears to be moot because he states that he has received that information, and he should be able to discovery the cell number by requesting the relevant documents. It is unclear whether Plaintiff has been provided the names of inmate witnesses from the medication logs or whether the Defendants object to this request. It appears that any such dispute should be addressed in a motion to compel rather than a motion for additional interrogatories. Plaintiff has failed to demonstrate that the number of discovery requests needs to be expanded and, therefore, his Motion will be denied without prejudice to file a motion to compel if necessary. Plaintiff has requested a 30-day extension of the Scheduling Order deadlines. The Motion will be granted for good cause shown. The new discovery cutoff date is April 12, 2019, and the dispositive motion deadline is May 13, 2019.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's "Request[] [for] Permission to Extend Limitation on Requests Via

Discovery Proceedings," (Doc. No. 28), is **DENIED** without prejudice to seek relief by way of a motion to compel.

2. Defendants' Motion for Extension of Time to Complete Discovery and File Dispositive Motions, (Doc. No. 32), is **GRANTED** as stated in this Order.

Signed: March 11, 2019

Frank D. Whitney
Chief United States District Judge